QUESTION: May the town council of the Town of Hypoluxo hold council meetings outside town boundaries?
SUMMARY: Unless so authorized by general or special law, a municipality's legislative and governing body may not hold meetings outside the municipal boundaries. Article VIII, s. 2(c), State Const., provides that Municipal annexation of unincorporated territory, merger of municipalities, and exercise of extra-territorial powers by municipalities shall be as provided by general or special law. (Emphasis supplied.) See also s.166.021(3)(a), F.S., providing that a municipal legislative body may adopt legislation concerning any subject matter upon which the State Legislature may act, except, inter alia, "[t]he subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the state constitution." In this regard, upon examining general law and the special charter act of the Town of Hypoluxo, Ch. 30848, 1955, Laws of Florida, as subsequently amended, I find no authorization for the town council thereof to exercise its legislative and governing powers (e.g., the adoption of municipal ordinances) extraterritorially. Thus, I am of the opinion that the town council may not hold council meetings outside town boundaries. Cf. AGO's 074-357, 074-307, and 074-274. This conclusion is consistent with the rule stated at 56 Am. Jur.2d Municipal Corporations s. 160, p. 213, that "[i]n the absence of statutory authorization, a municipal council has no authority to hold meetings outside the municipal limits, and all acts and proceedings at such a meeting are void." Cf. County of Okeechobee v. Florida Nat. Bank, 150 So. 124, 126 (Fla. 1933). Your question is answered in the negative.